IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHARLES N. SMITH, APPELLANT.

Filed May 8, 2018.    No. A-17-625.

Appeal from the District Court for Nemaha County: JULIE D. SMITH, Judge. Affirmed.

Eddy M. Rodell for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Charles N. Smith appeals his conviction and sentence in the district court for Nemaha County for third degree sexual assault of a child. Finding no merit to the arguments raised on appeal, we affirm.

BACKGROUND

In November 2016, Smith was charged with third degree sexual assault of a child. A jury trial was held in April 2017, and the evidence revealed that Smith, who was 26 years old at the time, was living with his girlfriend, and his girlfriend's 11-year-old daughter, R.G. On August 20, 2016, Smith and R.G. were at their home while R.G.'s mother was at work. Smith and R.G. were sitting on the couch, and R.G. fell asleep. When she awoke, Smith was partially on top of her with his hand under her underwear touching her vagina. Smith testified at trial that he had also fallen

asleep on the couch, and when he awoke, he thought R.G. was her mother, so he believed he was touching his girlfriend, rather than R.G.

At the conclusion of trial, the jury found Smith guilty. He was sentenced to 2 years' imprisonment and 12 months' postrelease supervision. Smith timely appeals to this court.

## ASSIGNMENTS OF ERROR

Smith assigns that (1) the State engaged in prosecutorial misconduct during closing arguments, (2) trial counsel was ineffective in failing to object to the improper statements made during closing arguments, and (3) the court imposed an excessive sentence.

## STANDARD OF REVIEW

When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, an appellate court will review the record only for plain error. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id*.

## ANALYSIS

*Prosecutorial Misconduct.*

Smith argues that several comments made by the State during closing arguments amount to prosecutorial misconduct.

When a party has knowledge during trial of irregularity or misconduct, the party must timely assert his or her right to a mistrial. *State v. Custer, supra*. A party who fails to make a timely motion for mistrial based on prosecutorial misconduct waives the right to assert on appeal that the court erred in not declaring a mistrial due to such prosecutorial misconduct. *Id*.

Smith acknowledges that his trial counsel failed to object or move for mistrial at trial, but he asserts that we should reach the matter on plain error. When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, we will review the record only for plain error. *Id*. We apply the plain error exception to the contemporaneous-objection rule sparingly. *Id*.

An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*. Generally, we will find plain error only when a miscarriage of justice would otherwise occur. *Id*.

Prosecutors are charged with the duty to conduct criminal trials in a manner that provides the accused with a fair and impartial trial. *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). Because prosecutors are held to a high standard for a wide range of duties, the term "prosecutorial misconduct" cannot be neatly defined. Generally, prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various contexts because the conduct will or may undermine a defendant's right to a fair trial. *Id*.

Prosecutorial misconduct prejudices a defendant's right to a fair trial when the misconduct so infected the trial that the resulting conviction violates due process. *Id*. Whether prosecutorial

misconduct is prejudicial depends largely on the context of the trial as a whole. *Id*. In determining whether a prosecutor's improper conduct prejudiced the defendant's right to a fair trial, we consider the following factors: (1) the degree to which the prosecutor's conduct or remarks tended to mislead or unduly influence the jury; (2) whether the conduct or remarks were extensive or isolated; (3) whether defense counsel invited the remarks; (4) whether the court provided a curative instruction; and (5) the strength of the evidence supporting the conviction. *Id*.

Prosecutors are not to inflame the jurors' prejudices or excite their passions against the accused. *Id*. Prosecutors should not make statements or elicit testimony intended to focus the jury's attention on the qualities and personal attributes of the victim. These facts lack any relevance to the criminal prosecution and have the potential to evoke juror sympathy and outrage against the defendant. *Id*.

Smith identifies three comments the State made during its initial closing argument and an additional comment made during its rebuttal argument that he claims were made solely to inflame the jury's passions and prejudice the jury against him. These comments include:

> Did he do it for sexual gratification? Yes, he did. He tells us he was doing it for sexual gratification.
>
> . . . .
>
> So if [Smith] pitches that position, there's -- there's no defense for him. There's no claim for him. There's nothing, and there really isn't anyways, but he's got to say something because this is such a heinous act that you don't want to address it. You're not going to admit to it, and he doesn't. . . . [R.G.] has to be the one subjected to this horrible act at the age of 11, at the age of innocence where there's nowhere near that she should have to even think about -- we're talking about a 6th grader just entering the 6th grade. She's dealing with learning how to do combinations on a locker and going out from one class to the next and getting into the next class and that's what she should be doing. That's what we tell her to deal with. That's what her age appropriateness is.
>
> . . . .
>
> . . . It doesn't particularly surprise me that when Mr. Smith comes in here and works to mislead this jury that his attorney would do the same.

We conclude that the first two comments Smith identifies were reasonably drawn inferences from the evidence and, thus, not misconduct. When a prosecutor's comments rest on reasonably drawn inferences from the evidence, he or she is permitted to present a spirited summation that a defense theory is illogical or unsupported by the evidence and to highlight the relative believability of witnesses for the State and the defense. *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). These types of comments are a major purpose of summation, and they are distinguishable from attacking a defense counsel's personal character or stating a personal opinion about the character of a defendant or witness. *Id*.

With respect to the sexual gratification element, Smith did not explicitly state that the touching was done for the purpose of sexual gratification. But his defense was that he did, in fact, put his hand underneath R.G.'s underwear and touch her vagina, but he did it because he thought

she was his girlfriend, R.G.'s mother. It is reasonable to infer that an adult man would touch his girlfriend in that manner for the purpose of sexual gratification.

As for the second comment cited above, we understand the prosecutor to have presented an argument that Smith's defense of mistaken identity was the only defense available to him when it was clear that he had actually made sexual contact with R.G. Thus, the State was attempting to discredit Smith's defense, rather than attacking Smith or his counsel personally. As such, the remark did not amount to misconduct.

In the third comment Smith identifies, the prosecutor is discussing R.G. as a person, and the Nebraska Supreme Court has stated that a victim's qualities and personal attributes are irrelevant to the facts that the State must prove in a criminal prosecution and have the potential to distort the jurors' reasoned consideration of the evidence by evoking their sympathy for the victim and corresponding outrage toward the defendant. *State v. Dubray, supra*. Thus, any commentary regarding R.G.'s personal qualities and attributes of her age were inappropriate.

In addition, the final comment made during rebuttal argument was misconduct. A distinction exists between arguing that a defense strategy is intended to distract jurors from what the evidence shows, which is not misconduct, and arguing that a defense counsel is deceitful, which is misconduct. *Id*. Although the comment did not amount to calling the defense attorney a liar, it was directed at defense counsel personally, not at his arguments, and thus, it was the type of remark that serves to denigrate the legal profession in the eyes of the jury and, consequently, the public at large. See *id*. Comments such as this have no place in a courtroom and constitute misconduct. *Id*. Insinuating that Smith's defense counsel was intentionally misleading the jury was improper.

Having found these two statements constitute misconduct, we turn to the five factors set forth in *State v. Dubray, supra*, and conclude that these statements were not so prejudicial as to violate Smith's due process rights. The statements did not mislead or unduly influence the jury to any significant degree because the jury was instructed not to allow sympathy or prejudice to influence it and that the arguments of the lawyers are not evidence.

The second factor is whether the conduct or remarks were extensive or isolated. The comment regarding R.G. occurred during closing argument and the comment regarding defense counsel occurred during the State's rebuttal closing argument. While closing arguments were relatively brief, we conclude that these were isolated comments dealing with two different subject matters--what a child of R.G.'s age should be "dealing with" and the veracity of Smith's attorney. While neither was appropriate, we conclude that the isolated nature of these comments weighs against a finding of prejudice.

Turning to the third factor, whether defense counsel invited the error, we note that Smith's defense was that he mistook the identity of R.G. for that of her mother. During his closing argument, defense counsel highlighted jury instruction No. 10, which states: "Intent is an element of the crime charged against the defendant. In deciding whether the defendant acted with intent, you should consider his words and acts and all the surrounding circumstances." Based on this instruction, defense counsel argued that Smith did not intend to assault R.G. and, therefore, could not be found guilty of the charged offense.

During rebuttal closing arguments, the State focused on different jury instructions that set forth the elements of the crime, specifically that Smith subjected R.G. to sexual contact, that he

was 19 years of age or older and she was 14 years of age or younger, and the date and location of the act. The State explained that the issue of intent arises in the definition of sexual contact, which the instructions define as "the intentional touching of a victim's sexual or intimate parts." From this, the State argued that Smith need not have intended to subject R.G. to sexual contact and that defense counsel was attempting to mislead the jury. The State's attempt to clarify the elements of the crime was in response to defense counsel's argument. This factor therefore weighs against a finding of prejudice.

As to the statement made regarding R.G., we determine it was uninvited because the defense did not raise any issue regarding R.G.'s ability to "deal with" the sexual contact, nor was it a proper issue for the jury to consider. This comment weighs in favor of a finding of prejudice because its sole purpose was to elicit sympathy for the victim.

Addressing the fourth factor, no objection was made to the comments so no curative instruction was given; however, prior to deliberations the jury was instructed on what it was to consider in reaching its decision and what it was not to consider. It was specifically instructed that arguments of the lawyers were not evidence and that it must not allow sympathy to influence its verdict. At most, this factor is neutral.

The final factor is the strength of the evidence supporting Smith's conviction. The evidence was uncontroverted that Smith subjected R.G. to sexual contact, that he was older than 19 years of age and she was younger than 14 years of age, and that the act took place on August 20, 2016, in Nemaha County. Smith's defense was that he mistook R.G. for her mother; however, the jury was free to reject this defense. Because the elements of third degree sexual assault of a child were uncontroverted, we determine the final factor weighs against a finding of prejudice.

Having considered the above factors, we conclude that the State's two comments, while improper, were not prejudicial and do not rise to the level of plain error.

*Ineffective Assistance of Counsel.*

Smith argues that his trial counsel was ineffective in failing to object to the improper comments made during closing arguments and move for mistrial. Before it is necessary to grant a mistrial for prosecutorial misconduct, the defendant must show that a substantial miscarriage of justice has actually occurred. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011). In brief, a mistrial is granted when a fundamental failure prevents a fair trial. *Id.* Because we have determined that any prosecutorial misconduct that occurred during Smith's trial did not deprive Smith of his right to a fair trial, a motion for mistrial would not have been successful. And as a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017). We therefore conclude that Smith's trial counsel was not ineffective for failing to object or move for mistrial on the basis of prosecutorial misconduct.

*Excessive Sentence.*

Smith argues that the sentence imposed is excessive and constitutes an abuse of discretion. We find no merit to this argument.

Third degree sexual assault of a child is a Class IIIA felony. Neb. Rev. Stat. § 28-320.01 (Reissue 2016). Class IIIA felonies are punishable by a maximum of 3 years' imprisonment and

18 months' postrelease supervision, or a $10,000 fine, or both and a minimum of 9 months' postrelease supervision if imprisonment is imposed. Neb. Rev. Stat. § 28-105 (Supp. 2017). Thus, Smith's sentence of 2 years' imprisonment and 12 months' postrelease supervision is within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id*.

Smith argues that the district court failed to meaningfully consider mitigating factors such as his lack of abnormal sexual behavior, his minimal criminal history, his assessment as a low risk to reoffend, and his admission as to what happened and claim that it was a mistake. The record indicates that Smith argued these factors at the sentencing hearing and suggested that a sentence of probation was appropriate. The court, however, observed that it can be difficult for individuals to successfully obtain treatment via probation without having admitted to any wrongdoing. The court also noted its disbelief of Smith's mistaken identity defense, finding it "to be farfetched, to say the least."

The court made clear at sentencing that it had reviewed the information contained in the presentence investigation report and considered the statutorily required factors. Nothing in the record indicates that the court failed to consider the mitigating factors Smith highlights or that it did not give adequate weight to such factors when considered in light of the factors cited by the court to justify the sentence. We find no abuse of discretion in the sentence imposed, and we therefore reject this assigned error.

## CONCLUSION

Having found no merit to the arguments raised on appeal, we affirm Smith's conviction and sentence.

AFFIRMED.